Kevin SEMCKEN, Plaintiff—Appellant,

v.

GENESIS MEDICAL INTERVENTIONAL, INC.; William R. Dubrul; Andrei Manoliu, Defendants—Appellees.

No. 04–17202.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2005.

Decided May 19, 2005.

Peter Rukin, Esq., San Francisco, CA, Lannis Temple, Esq., The Law Office of Lannis Temple, Austin, TX, for Plaintiff—Appellant.

Karen E. Wentzel, Esq., Blase, Valentine & Klein, John G. Hursh, Esq., Ritchey Fisher Whitman & Klein, Palo Alto, CA, for Defendants—Appellees.

Before: KLEINFELD, HAWKINS, and GRABER, Circuit Judges.

MEMORANDUM *

Kevin Semcken sued his former employer, Genesis Medical Interventional, Inc., and individual defendants' William Dubrul and Andrei Manoliu, for claims arising out of the termination of his employment. Genesis filed a motion to stay the action pending arbitration or, alternatively, to

5. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dismiss, pursuant to an arbitration clause in Semcken's employment contract. The district court granted Genesis's motion, and Semcken appealed.

We find the arbitration clause enforceable and affirm the district court's dismissal. Semcken failed to show the lack of a meaningful opportunity to negotiate the inclusion of the arbitration clause in his employment contract, and therefore cannot demonstrate procedural unconscionability through oppression. *See Abramson v. Juniper Networks, Inc.*, 115 Cal.App.4th 638, 9 Cal.Rptr.3d 422, 435–36 (Ct.App.2004). Because both procedural and substantive unconscionability must be present for a court to invalidate an agreement as unconscionable, *see Armendariz v. Foundation Health Psychcare Servs., Inc.*, 24 Cal.4th 83, 99 Cal.Rptr.2d 745, 6 P.3d 669, 690 (2000), we need not reach the issue of substantive unconscionability, *see Nagrampa v. Mailcoups Inc.*, 401 F.3d 1024, 1030 (9th Cir.2005).

In addition, the district court did not abuse its discretion in denying Semcken's request for discovery, as the court could reasonably have concluded that Semcken had already enjoyed a "reasonable opportunity to present evidence" under California Civil Code § 1670.5(b).[1]

AFFIRMED.

---

1. There was also no error in not accepting Semcken's argument that Genesis had no right to initiate the arbitration process.